[Cite as *Isley v. Isley*, 2012-Ohio-3668.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| CYNTHIA M. HARE | | C.A. No.     26078 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM ISLEY | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     2004-10-3870 |

DECISION AND JOURNAL ENTRY

Dated: August 15, 2012

BELFANCE, Judge.

{¶1} Appellant/Cross-Appellee William Isley ("William") and Appellee/Cross-Appellant Cynthia Isley ("Cynthia") appeal from the decision of the Domestic Relations Division of the Summit County Court of Common Pleas. For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2} William and Cynthia were married in August 1975. On October 1, 2004, the parties filed for a dissolution of marriage. At the time of the proceedings, the parties were the legal custodians of their two grandchildren. The parties entered into a separation agreement. On November 1, 2004, a decree of dissolution of marriage was filed which incorporated the parties' separation agreement. The separation agreement included a spousal support provision whereby William would pay Cynthia $2,700 per month until the death of either party. The trial court did not retain jurisdiction to modify, review, or alter the provisions related to spousal support. In

consideration for spousal support, Cynthia waived any claim to William's heating and cooling business.

{¶3}    On June 30, 2010, Cynthia filed a motion for contempt alleging that William had failed to pay the required spousal support since the decree was issued on November 1, 2004.  A hearing was held March 22, 2011, before a magistrate.  At the hearing, William asserted that the parties, as well as Cynthia's new husband had entered into a novation on February 1, 2009, which terminated William's spousal support contained in the separation agreement.  Cynthia asserted that she signed the February 2009 document under duress.

{¶4}    The magistrate concluded there was not a novation and that William owed Cynthia $196,650 in arrearages and $1,500 in attorney fees.  The magistrate found William in contempt and sentenced him to ten days in jail, which was suspended on the condition that William pay Cynthia $50 per month toward the arrearage in addition to his regular $2,700 payment.

{¶5}    William filed objections to the magistrate's decision.  Thereafter the trial court issued a judgment entry concluding that there had not been a novation, but that the February 2009 document did constitute a modification of William's spousal support obligation.  In so doing, the trial court concluded that William's $2,700 per month obligation extended from the date of the decree until January 2009, making William's arrearage $94,500.  The trial court found William in contempt and sentenced him to 10 days in jail, which was suspended on the condition that William pay $50 per month towards the arrearage in addition to the amount due under the February 2009 document.  William has appealed, and Cynthia has cross-appealed, each raising an assignment of error for our review.

II.

WILLIAM'S ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FAILING TO FIND THAT A NOVATION HAD OCCURRED BETWEEN THESE PARTIES AND THAT THE ORIGINAL SEPARATION AGREEMENT HAD BEEN REPLACED WITH THE NEW AGREEMENT BETWEEN THESE PARTIES.

{¶6} William asserts in his assignment of error that the trial court erred in failing to find that a novation occurred. We do not agree.

{¶7} In his merit brief, William states that the "issue for review is whether the appellant proved that these parties had entered a novation[.]" Essentially, William asserts that the trial court's conclusion that there was no novation is against the manifest weight of the evidence.

{¶8} Recently, the Supreme Court of Ohio clarified that the criminal manifest weight standard applies in reviewing civil cases as well. *Eastley v. Volkman*, Slip Opinion No. 2012-Ohio-2179, ¶ 17. Thus,

> [t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.

(Internal quotations and citations omitted.) *Id.* at ¶ 20. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21.

{¶9} The Supreme Court of Ohio has stated that:

> A contract of novation is created where a previous valid obligation is extinguished by a new valid contract, accomplished by substitution of parties or of the undertaking, with the consent of all the parties, and based on valid consideration. A novation can never be presumed but must be evinced by a clear and definite intent on the part of all the parties to the original contract to completely negate the original contract and enter into the second.

(Internal quotations and citations omitted.) *Williams v. Ormsby,* 131 Ohio St.3d 427, 2012-Ohio-690, ¶ 18. "The intent of the parties is presumed to reside in the language they chose to use in

their agreement." *Graham v. Drydock Coal Co.,* 76 Ohio St.3d 311, 313 (1996). "Extrinsic evidence is admissible to ascertain the intent of the parties when the contract is unclear or ambiguous, or when circumstances surrounding the agreement give the plain language special meaning." *Id.* at 313-314.

{¶10} In the instant matter, we cannot say that the trial court created a manifest miscarriage of justice in concluding that the February 2009 document was not a novation.

{¶11} At the evidentiary hearing, a document dated February 2009, was submitted into evidence. In its entirety, it provides as follows:

February 1[,] 2009

I [William] agree to pay [Cynthia], [t]he sum of $100.00 per week in the months of January, February, March and December. And the sum of $150.00 per week in the months of April, May, June, August, September, October and November. Payments will begin on January 30, 2009[.] I further agree to purchase any and all school clothing for Tyler[, our grandchild.] I also further agree to pay the sum of $200.00 to [Cynthia's new husband] for his labor when performed in the replacement of any heating or a/c system[.] I also agree to retain [Cynthia's new husband] on my auto insurance, with him reimbursing me for his part of the policy, the sum of $50.00 per month. [Cynthia and her new husband] also agree to pay the sum of $30.00 per month for their cell phone bill[.]

The document is signed by the parties and Cynthia's new husband.

{¶12} Notably, the document does not mention the separation agreement, the decree, or spousal support. Nor does it mention novation or modification. A plain reading of the document gives the reader no indication that it has any relationship at all to any other agreement. Thus, there is nothing in the plain language that suggests that the parties intended this to be a novation. *See Williams,* 131 Ohio St.3d 427, 2012-Ohio-690, at ¶ 18; *Graham,* 76 Ohio St.3d at 313.

{¶13} Further, the entirety of the testimony does not support the conclusion that the February 2009 document was a novation. While William testified that he intended the February 2009 document to supersede the spousal support provision contained in the separation

agreement, he also testified that he did not express this intention to Cynthia. William was also insistent that the February 2009 document did not modify the decree as it was "a totally new agreement." Despite William's conflicting assertion that the February 2009 document superseded the spousal support provision in the separation agreement, Cynthia's husband agreed with the characterization of the February 2009 document as a business agreement.

{¶14} Cynthia testified that she and William agreed to the original spousal support award because it covered her living expenses, which included caring for the parties' disabled grandson and also took into account the fact that she was waiving any interest in the heating and cooling business that was formed during the marriage. When discussing the February 2009 document, she testified that she thought it was temporary and nothing "more than a worthless piece of paper" since it was not notarized or presented to a court. She stated that William drafted it, brought it over, and told her that, if she did not sign she would not get anything and he would go on disability. She claimed she signed it in order to be able to pay for her utilities. She never testified that she intended the February 2009 document to replace the spousal support provision contained in the separation agreement.

{¶15} As noted above, the plain language contained in the February 2009 document lacks any indication that the parties to the original separation agreement intended the February 2009 document to be a novation. Furthermore, the entirety of the testimony does not demonstrate an intent by the parties to have the 2009 document constitute a novation. Accordingly, we cannot say that the trial court's determination is against the manifest weight of the evidence. *See Williams*, 131 Ohio St.3d 427, 2012-Ohio-690, at ¶ 18 (Emphasis added.) ("A novation can never be presumed but must be evinced by a clear and definite intent on the part of

*all* the parties to the original contract to completely negate the original contract and enter into the second."). We overrule William's assignment of error.

CYNTHIA'S ASSIGNMENT OF ERROR

> THE TRIAL COURT ERRED IN FAILING TO AFFIRM THE MAGISTRATE'S FINDING THAT A NOVATION HAD NOT OCCURRED AND FURTHER EXACERBATED ITS ERROR BY DECIDING, *SUA SPONTE* AND WITHOUT INVITATION FROM EITHER PARTY, THAT THE PARTIES ACTUALLY INTENDED TO MODIFY THE ORIGINAL AGREEMENT.

{¶16} Cynthia asserts in her assignment of error that the trial court erred in (1) failing to affirm the magistrate's finding that no novation occurred, and (2) concluding that the February 2009 document constituted a modification of William's spousal support. Cynthia asserts that the February 2009 document could not be a modification because there was no mutual assent or consideration and because she signed it under duress.

{¶17} Initially we note that the trial court did conclude that the February 2009 document did not constitute a novation. Thus, Cynthia's argument is misplaced.

{¶18} With respect to her second argument, she appears to assert that the trial court's finding of a modification is against the manifest weight of the evidence. Irrespective of whether there was duress or a lack of consideration, we agree.

{¶19} "A contract cannot be unilaterally modified. In order to modify a contract, the parties to that contract must mutually consent to the modification." (Internal quotations and citations omitted.) *Fraher Transit, Inc. v. Aldi, Inc.*, 9th Dist. No. 24133, 2009-Ohio-336, ¶ 12. In the instant matter, there was no evidence presented that the parties intended to modify the spousal support provision of the separation agreement via the February 2009 document. Even William was adamant that the February 2009 document did not constitute a modification of the spousal support provision. Further, and as noted above, the language of the February 2009

document does not even *suggest* that its purpose is to modify the spousal support provision contained in the separation agreement. In fact, the February 2009 document in no way mentions or refers to the spousal support provision contained in the separation agreement. If a document such as the one William presented to Cynthia is all that is needed to legally modify a separation agreement, then the integrity of separation agreements would be severely jeopardized. *See, e.g., DiPietro v. DiPietro*, 10 Ohio App.3d 44, 49 (10th Dist.1983) (suggesting that if separation agreements could be easily set aside such agreements would "tumble like pins in a bowling alley"). While William, Cynthia, and Cynthia's new husband may have agreed to execute the February 2009 document, the weight of the evidence does not support the conclusion that Cynthia and William agreed that the February 2009 document would modify the spousal support provision contained in the separation agreement. Accordingly, given the absence of evidence that Cynthia and William mutually agreed to modify their separation agreement, *see Fraher Transit, Inc.* at ¶ 12, we sustain Cynthia's assignment of error in part.

III.

{¶20} In light of the foregoing, we affirm the trial court's conclusion that the February 2009 document did not constitute a novation and reverse its finding the February 2009 document constituted a modification of the separation agreement.

Judgment affirmed in part,<br>reversed in part,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
CONCURS.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶21} I concur in the majority's resolution of William's assignment of error.

{¶22} I respectfully dissent from the majority's opinion in regard to Cynthia's assignment of error because the analysis, in my opinion, exceeds the scope of her argument. Cynthia argued that the February 1, 2009 agreement was not supported by adequate consideration and that any modification of the separation agreement was procured by duress. She failed, however, to support her conclusion that the modification lacked consideration with any law and analysis. *See* App.R. 16(A)(7). Accordingly, I would decline to address that

argument. App.R. 12(A)(2). Moreover, based on a review of the record, I would conclude that the domestic relations court's finding that the February 1, 2009 agreement was not void on the basis of duress was not against the manifest weight of the evidence. Accordingly, I would overrule Cynthia's assignment of error and affirm the trial court's judgment in toto.

APPEARANCES:

W. LOVE, II, Attorney at Law, for Appellant.

EDMUND M. SAWAN, Attorney at Law, for Appellee.