[Cite as *Burr v. Nationwide Mut. Ins. Co.*, 2013-Ohio-4406.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

MARC H. BURR

     Appellant

     v.

NATIONWIDE MUTUAL INSURANCE
CO.

     Appellee

C.A. No.     12CA010231

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    08CV158085

DECISION AND JOURNAL ENTRY

Dated: October 7, 2013

MOORE, Presiding Judge.

{¶1}    Appellant, the Estate of Raymond Long ("the Estate"), appeals from the judgment of the Lorain County Court of Common Pleas. We reverse and remand this matter to the trial court for further proceedings consistent with this opinion.

I.

{¶2}    In 2006, William Price was driving an automobile which collided with a motorcycle on which Raymond Long and Patricia Morgan were riding. Mr. Long suffered fatal injuries, and Ms. Morgan was seriously injured. At the time of the accident, Mr. Price was covered by an insurance policy issued by Nationwide Insurance ("Nationwide").

{¶3}    Marc H. Burr was appointed as the administrator of Mr. Long's estate. Ms. Morgan brought suit against Mr. Price and the Estate in the Geauga County Court of Common Pleas. During those proceedings, counsel for the Estate and counsel for Ms. Morgan began negotiations with Nationwide employees Anita Washington, who was assigned as the bodily

injury adjuster, and Ed Megyesi, who was assigned as the property loss adjuster. The Estate contends that Mr. Megyesi offered $17,030 to settle the Estate's property loss claim. The Estate further contends that, during a conference call between counsel for the Estate, counsel for Ms. Morgan, and Ms. Washington, the parties agreed to settle the bodily injury claim for the $300,000 bodily injury policy limit, splitting these funds evenly between the Estate and Ms. Morgan. Nationwide acknowledges that it engaged in negotiations with the Estate and Ms. Morgan, but disputes that a settlement agreement had been reached.

{¶4} At some point after the suit was filed in the Geauga Court, American International Group, Inc. ("AIG") contacted counsel for Ms. Morgan regarding settlement of the claim against Mr. Price; although the nature of AIG's insurance relationship with Mr. Price is not clear from the record in the present case. Thereafter, the Estate and Ms. Morgan settled with AIG for a total of $1,525,000, with $900,000 apportioned to Ms. Morgan, and the remaining $625,000 to the Estate. Mr. Burr and Mr. Long's sisters, as his heirs, signed a release to AIG. After settling with AIG, the Estate claims that Nationwide refused to pay the settlement funds as purportedly had been agreed.

{¶5} The Estate and Ms. Morgan brought suit against Nationwide in the trial court, alleging fraudulent inducement, breach of contract, promissory estoppel, and unjust enrichment. Nationwide moved to dismiss or transfer the action on the basis that Lorain County was not the proper venue. The trial court denied the motion. Thereafter, Nationwide moved for summary judgment. In a journal entry dated April 27, 2012, the trial court granted Nationwide's motion for summary judgment.

{¶6}   The Estate timely appealed from the April 27, 2012 journal entry, and it now presents four assignments of error for our review.[1]  We have consolidated the assignments of error to facilitate our discussion.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FINDING THAT THE AIG SETTLEMENT, WHICH WAS REACHED SEVEN DAYS AFTER THE NATIONWIDE SETTLEMENT, PRECLUDES [THE] ESTATE'S CLAIMS AGAINST NATIONWIDE FOR FRAUDULENT INDUCEMENT.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FINDING THAT THE AIG SETTLEMENT PRECLUDES [THE] ESTATE'S CLAIMS AGAINST NATIONWIDE FOR BREACH OF CONTRACT.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN FINDING THAT THE AIG SETTLEMENT PRECLUDES [THE] ESTATE'S CLAIMS AGAINST NATIONWIDE FOR PROMISSORY ESTOPPEL.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN FINDING THAT THE AIG SETTLEMENT PRECLUDES [THE] ESTATE'S CLAIMS AGAINST NATIONWIDE FOR UNJUST ENRICHMENT.

{¶7}   In its assignments of error, the Estate argues that the trial court erred in determining that the AIG release operated to preclude the estate from proceeding on its claims against Nationwide for fraudulent inducement, breach of contract, promissory estoppel, and unjust enrichment.  We agree.

---

[1] Ms. Morgan did not challenge the trial court's judgment and is not a party to this appeal.  Therefore, the Estate is the sole appellant in this matter, and, thus, the foregoing decision is limited to the Estate.  *Green v. Helms*, 9th Dist. Summit No. 26371, 2013-Ohio-2075, ¶ 5, citing App.R. 3(D) ("notice of appeal shall specify the party or parties taking the appeal").

{¶8} The trial court determined this matter on summary judgment. We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶9} Pursuant to Civ.R. 56(C), summary judgment is proper only if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. If the moving party fulfills this burden, then the burden shifts to the nonmoving party to prove that a genuine issue of material fact exists. *Id.*

{¶10} In its motion for summary judgment, Nationwide argued that the claims against it were precluded based upon (1) the terms of the AIG release, (2) res judicata, (3) the failure of the Estate to follow the requirements of R.C. 3929.06, (4) the absence of a duty, an element required to prevail on the fraudulent misrepresentation claim, (5) the non-existence of a settlement agreement between the Estate and Nationwide, (6) the absence of reasonable reliance, an element required to prevail on the promissory estoppel claim, and (7) the absence of a conferred benefit, an element required to prevail on the unjust enrichment claim. The trial court concluded that the

first three of these bases prevented the Estate from recovering irrespective of the merits of its claims. We will separately address the bases relied upon by the trial court in granting summary judgment to Nationwide.

The AIG Release

{¶11} In its motion, Nationwide argued that it was entitled to judgment because, in the settlement agreement between AIG and the Estate, the Estate expressly released all claims against Mr. Price's insurers.

{¶12} "[A] settlement agreement is a contract designed to terminate a claim by preventing or ending litigation[.]" (Citations omitted.) *Wochna v. Mancino*, 9th Dist. Medina No. 07CA0059-M, 2008-Ohio-996, ¶ 11. "The meaning of a contract is to be gathered from a consideration of all its parts[.]" *Marusa v. Erie Ins. Co.*, 136 Ohio St.3d 118, 2013-Ohio-1957, ¶ 8, quoting *German Fire Ins. Co. v. Roost*, 55 Ohio St. 581 (1897), paragraph one of the syllabus. "The intent of the parties is presumed to reside in the language they chose to use in their agreement." *Hare v. Isley*, 9th Dist. Summit No. 26078, 2012-Ohio-3668, ¶ 9, quoting *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 313 (1996). Accordingly, when that language contained within the contract is unambiguous, "a court may look no further than the writing itself to find the intent of the parties." *Sunoco, Inc. (R & M) v. Toledo Edison Co.*, 129 Ohio St.3d 397, 2011-Ohio-2720, ¶ 37. Ambiguity refers to "the condition of admitting of two or more meanings, of being understood in more than one way, or of referring to two or more things at the same time[.]" *Robinson v. Beck*, 9th Dist. Summit No. 21094, 2003-Ohio-1286, ¶ 25, quoting *Boulger v. Evans*, 54 Ohio St.2d 371, 378 (1978). Where an ambiguity exists, the intent of the parties must be determined by the trier of fact. *Walsh v. Marsh Bldg. Prods., Inc.*, 12th Dist.

Warren No. CA2009-10-130, 2010-Ohio-729, ¶ 11, citing *Amstutz v. Prudential Ins. Co.*, 136 Ohio St. 404, 408 (1940).

{¶13} Here, in support of its motion, Nationwide produced a copy of Mr. Burr's deposition testimony, during which he authenticated the AIG release as a deposition exhibit. The release pertains to the "incident," which is described as follows:

> WHEREAS, the Estate[ ]has presented a claim against [Mr.] Price regarding an incident that took place on August 13, 2006 (hereinafter referred to as the "incident") which claims were contained in Geauga County Common Pleas case number 06 P 921 entitled *Patricia A. Morgan v. William J. Price et al.*, which was dismissed without prejudice[.]

{¶14} The release then provides, in relevant part:

> NOW, THEREFORE, the Estate[ and Mr. Long's sisters] hereby release, settle, cancel and forever discharge, and acknowledge to be fully and fairly satisfied, any and all claims, demands, rights and causes of action of every nature and description, including, but not limited to, claims for wrongful death or personal injury, pain and suffering, medical, hospital, nursing or burial expenses, damage costs, loss of services or society, expenses and compensation of any nature whatsoever including punitive damages, which the Estate[ and Mr. Long's sisters] may have had in the past, or now has, or hereafter may have or assert against Releasees for claimed damages to the Estate[ and Mr. Long's sisters] arising out of the aforesaid incident.

The release defines "Releasees" to include Mr. Price and AIG, and it defines Mr. Price to include his "insurers." From this language, Nationwide maintains that the instant action is barred because Nationwide was an insurer of Mr. Price, and the Estate agreed to release claims against Mr. Price's insurers.

{¶15} After review of the release, we conclude that there exists a question of fact as to whether the parties intended the release to operate to bar actions against Mr. Price's insurers *arising from the actions of the insurers* in settlement negotiations. The release provides that the Estate would release the claims "arising out of the aforesaid incident." The incident pertains to the incident which occurred on August 13, 2006, the date of the accident, for which Ms. Morgan

brought claims in the Geauga County Court of Common Pleas. There is no dispute that those claims *pertain to the actions of Mr. Price*. The actions complained of in the instant complaint *pertain to the actions of Nationwide* in which it engaged when conducting settlement negotiations pertaining to Mr. Price's actions. Accordingly, we conclude that there exists a question of fact as to the intent of the parties relative to the scope of the release. *See Walsh*, 2010-Ohio-729 at ¶ 27 (concluding that a question of fact existed as to parties' intent relative to the scope of the release where release included provisions precluding all claims arising from defendant's "products installed at the [plaintiff's] premises," but specifically referenced products installed "in or about 1989" in other provisions (Emphasis omitted.)). Therefore, summary judgment was inappropriate to Nationwide on this basis.

Res Judicata

{¶16} Nationwide further argued in its motion that the doctrine of res judicata barred the Estate from bringing suit against Nationwide. Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence *that was the subject matter of the previous action*." (Emphasis added.) *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus. "However, res judicata only applies as a bar to subsequent actions between the parties to the original action or those in privity with them." *Singfield v. Yuhasz*, 9th Dist. Summit No. 22432, 2005-Ohio-3636, ¶ 8 (citing *Brown v. Dayton*, 89 Ohio St.3d 245, 247 (2000)).

> The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel. * * * Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. * * * Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter. * * *

> Issue preclusion, on the other hand, serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies. * * * Issue preclusion applies even if the causes of action differ.

(Citations omitted.) *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 61, 2007-Ohio-1102, ¶ 6–7.

**{¶17}** Nationwide argues that because the AIG release also released Mr. Price, and because Nationwide was in privity with Mr. Price, the release bars the Estate from seeking recovery from Nationwide. However, as set forth above, the actions complained of in the instant litigation are the actions of Nationwide representatives. The actions complained of in the Geauga litigation were those of Mr. Price. Therefore, the instant claims do not involve the same claims or issues as the Geauga litigation. Therefore, settlement of the Geauga claims does not preclude suit against Nationwide.

**{¶18}** Accordingly, Nationwide's argument that res judicata barred the instant action lacks merit, and summary judgment in its favor was inappropriate on this basis.

R.C. 3929.06

**{¶19}** Nationwide further argued that R.C. 3929.06 barred the instant action because the Estate did not comply with its provisions.

**{¶20}** R.C. 3929.06 states, in relevant part, that:

(A)(1) If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or property of the plaintiff or another person for whom the plaintiff is a legal representative and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, death, or loss, the plaintiff or the plaintiff's successor in interest is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.

(2) If, within thirty days after the entry of the final judgment * * *, the insurer that issued the policy of liability insurance has not paid the judgment creditor an

amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. * * * [T]he civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor.

(B) Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in division (A)(2) of this section.

**{¶21}** Subsection (B) above provides the "direct action" rule in that "[a]n injured person may sue a tortfeasor's liability insurer, but only after obtaining judgment against the insured." *Chitlik v. Allstate Ins. Co.*, 34 Ohio App.2d 193, (8th Dist.1973), paragraph two of the syllabus; *see also W. Broad Chiropractic v. Am. Family Ins.*, 122 Ohio St.3d 497, 2009-Ohio-3506, ¶ 28 ("R.C. 3929.06(B) precludes an injured person from bringing a civil action against the tortfeasor's insurer until the injured person has first obtained a judgment for damages against the insured and the insurer has not paid the judgment within 30 days.").

**{¶22}** Here, the Estate is not seeking to obtain Mr. Price's benefits in the existing lawsuit. Instead, it seeks to obtain damages from Nationwide based upon *its* purported actions. Thus, here, Nationwide, not its insured, is the purported tortfeasor. *Compare W. Broad Chiropractic* at ¶ 30-31 (assignee of individual who had been injured in car accident with the insured had no right to compensation from insurer because at time assignment was created individual had not brought a civil action against the insured pursuant to R.C. 3929.06) *with Whitacre v. Nationwide Ins.*, 7th Dist. Belmont No. 11 BE 5, 2012-Ohio-4557, ¶ 16 (distinguishing *Chitlik* in part because the plaintiff in *Whitacre* sought "to sue the [insurance] company not for payment of his damages pursuant to the policyholder's insurance policy, but

directly, under the verbal contract he claims to have with the company"). Accordingly, R.C. 3929.06 is inapplicable.

{¶23} Having concluded that the trial court erred in rendering its summary judgment decision on the above three bases, we reverse the decision granting summary judgment to Nationwide. We note that Nationwide further maintains in its brief that summary judgment was appropriate on the fourth through seventh bases set forth in its motion, listed above. However, "[i]t does not appear from the trial court's entry that it considered th[ese] argument[s] in granting summary judgment. Because the trial court did not consider the[se] argument[s] in the first instance, we decline to do so now." *Honabarger v. Wayne Sav. Community Bank*, 9th Dist. Wayne No. 12CA0058, 2013-Ohio-2793, ¶ 26, citing *Schmucker v. Kurzenberger*, 9th Dist. Wayne No. 10CA0045, 2011-Ohio-3741, ¶ 14.

{¶24} Based upon the foregoing, the Estate's assignments of error are sustained.

## CROSS-ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN REFUSING TO TRANSFER VENUE FROM LORAIN COUNTY TO EIT[H]ER FRANKLIN OR GEAUGA COUNTY[.]

{¶25} In its cross-assignment of error, Nationwide argues that the trial court erred in denying its motion to dismiss or to transfer due to improper venue.

{¶26} Although Nationwide did not file a notice of appeal from the judgment of the trial court, it attempts to raise a cross-assignment of error pursuant to R.C. 2505.22. R.C. 2505.22 provides, in relevant part:

> In connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part.

**{¶27}** However, cross-assignments of error raised by appellees who have not filed a notice of appeal only may be "used by the appellee as a shield to protect the judgment of the lower court but may not be used by the appellee as a sword to destroy or modify that judgment." *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, ¶ 32, quoting *Parton v. Weilnau,* 169 Ohio St. 145, 171 (1959).

**{¶28}** Here, Nationwide's argument pertaining to venue does not advance an alternate basis to support the trial court's grant of summary judgment in its favor. Nationwide failed to file a notice of cross-appeal, as would have been required to argue that the trial court erred in denying its motion to dismiss or transfer. Accordingly, this Court will not consider its argument. *See Schmucker* at ¶ 16.

### III.

**{¶29}** The Estate's assignments of error are sustained. We decline to reach the merits of Nationwide's cross-assignment of error, as it attempted to challenge a ruling of the trial court and was not properly raised in a cross-appeal. The judgment of the Lorain County Court of Common Pleas is reversed, and this cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DAVID A. HAMAMEY, II, Attorney at Law, for Appellant.

GREGORY E. O'BRIEN and ERIC J. WEISS, Attorneys at Law, for Appellee.