[Cite as *McCants v. Tolliver*, 2014-Ohio-3478.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CHRISTOPHER MCCANTS

    Appellant

    v.

ORRIN LYNN TOLLIVER, JR.

    Appellee

C.A. No.    27253

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2012-07-4338

DECISION AND JOURNAL ENTRY

Dated: August 13, 2014

WHITMORE, Judge.

{¶1}    Plaintiff-Appellant, Christopher McCants, appeals from the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee, Orrin Lynn Tolliver. This Court reverses.

I

{¶2}    In 1982, Tolliver and Christopher, James, and Samuel McCants recorded a song entitled "I Need a Freak." According to Christopher McCants, Tolliver wrote and performed the lyrics, Christopher and Samuel McCants wrote and performed the music, and James McCants published the recording. Christopher McCants asserts that the group orally agreed that if the song made any money they would share the proceeds equally.

{¶3}    In 2002, Tolliver received a copyright for the composition, including both the lyrics and the music, *Tolliver v. McCants*, S.D.N.Y. No. 05 Civ 10840, 2009 WL 804114, *6 (Mar. 25, 2009), and James McCants owns a copyright for the recording of the song. *Tolliver v.*

*McCants*, 684 F.Supp.2d 343, 346 (S.D.N.Y.2010). Christopher McCants disputes that Tolliver is the sole author of the composition and states that he received a copyright for the music in 2012.

{¶4} In 2005, James McCants granted the Black Eyed Peas a license to use the song in a derivative work. Tolliver later sued James McCants in the United States District Court for the Southern District of New York for copyright infringement. *Tolliver*, 2009 WL 804114. Ultimately, the court found that James McCants had infringed on Tolliver's rights under his copyright and awarded over one million dollars in damages. *See Tolliver*, 684 F.Supp.2d 343.

{¶5} In April 2011, Christopher McCants ("McCants") filed a copyright infringement suit in the United States District Court for the Northern District of Ohio against, among others, Tolliver and James McCants. *McCants v. Tolliver*, N.D.Ohio No. 11 CV 0664, 2011 WL 2893058 (July 15, 2011). The court dismissed McCants' claim for failing "to allege any action * * * that would support a claim of infringement." *Id*. at *5. The court held that "[t]o the extent that [McCants] must first establish his co-author status through a potential contractual dispute," it lacked jurisdiction. *Id*. at *4. However, the court held, even assuming that McCants was a co-author of the song, he could not prevail on an infringement claim because "[a] joint copyright owner cannot sue his co-owner or his co-owner's licensee for infringement." *Id*.

{¶6} In July 2012, McCants filed a breach of contract claim against Tolliver and James McCants in the Summit County Court of Common Pleas. James McCants failed to answer, and, on May 16, 2013, the court granted default judgment against him. The court held the issue of damages in abeyance pending the resolution of the case. In July 2013, Tolliver filed a motion for summary judgment and McCants filed a memorandum in opposition. On January 22, 2014, the court granted Tolliver's motion, finding that McCants' claim was an issue of copyright law, and

therefore, within the exclusive jurisdiction of the federal courts. Further, the court found that there was "no just reason for delay." McCants now appeals and raises four assignments of error for our review.

II

Assignment of Error Number One

THE COMMON PLEAS COURT ERRORED WHEN IT GRANTED THE APPELLANT A DEFAULT JUDGMENT AGAINST DEFENDANT JAMES MCCANTS AND DID NOT ADDRESS THE MATTER WHEN GRANTING APPELLEE ORRIN LYNN TOLLIVER, JR. A SUMMARY JUDGMENT. (Sic.)

{¶7} In his first assignment of error, McCants does not allege any error. Instead, he requests instructions on how to proceed on the matter of damages with respect to defendant, James McCants. McCants was granted default judgment against James McCants on May 16, 2013. The court held the issue of damages in abeyance until the resolution of the case. The issue of damages still appears to be before the trial court; therefore, the default judgment against James McCants is not a final, appealable order. *See State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546 (1997).

{¶8} An appellate court cannot provide advice to a party on how to proceed, it may only "[r]eview and affirm, modify, or reverse the judgment or final order appealed." App.R. 12(A)(1)(a). In this assignment of error McCants does not request that we review, affirm, modify, or reverse a final order. Accordingly, McCants' first assignment of error, to the extent that it raises an error, is overruled.

Assignment of Error Number Two

THE COMMON PLEAS COURT ERRORED (sic) BY GRANTING THE APPELLEE SUMMARY JUDGMENT BASED ON COPYRIGHT ISSUES WHERE APPELLANT'S COMPLAINT WAS ONE FOR BREACH OF CONTRACT AGREEMENT.

Assignment of Error Number Three

THE COMMON PLEAS COURT ERRORED WHERE THE COURT CONCLUDED THAT THE APPELLANT WAS UNABLE TO SEEK REDRESS FOR HIS CLAIM OF BREACH OF AN ORAL CONTRACT MADE IN REFERENCE TO A MUSICAL COMPOSITION IN A STATE COURT. (Sic.)

{¶9}   In his second and third assignments of error, McCants argues that the court erred in finding that his state law claim for breach of contract is preempted by federal law.  We agree.

{¶10} This Court reviews a trial court's decision to grant a motion for summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  "We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party."  *Burr v. Nationwide Mut. Ins. Co.*, 9th Dist. Lorain No. 12CA010231, 2013-Ohio-4406, ¶ 8.

{¶11} Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).  The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996).  Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial.  *See* Civ.R. 56(E); *Dresher* at 293.

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by [17 U.S.C.] section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by [17 U.S.C.] sections 102 and 103, whether created before or after that date and

whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). "The statute thus creates a two-part inquiry: (1) whether a work fixed in a tangible medium of expression is within the subject matter of copyright and (2) whether the rights addressed are equivalent to the exclusive copyright rights set out in Section 106, Title 17, U.S.Code." *State v. Perry*, 83 Ohio St.3d 41, 42 (1998). Section 106 protects an owner's right to reproduce, distribute, perform, display, and transmit a copyrighted work and to prepare derivative works based on a copyrighted work. 17 U.S.C. § 106.

{¶12} The first prong of the preemption test is unquestionably satisfied. A work of music and a sound recording are within the subject matter of copyright. 17 U.S.C. § 102(a)(2), (7). As to the second prong, "[t]o survive a preemption challenge based on the equivalency of protected rights, the state law claim must contain an 'extra element' which renders the state claim '*qualitatively* different from a copyright infringement claim.'" (Emphasis sic.) *N. Am. Software, Inc. v. James I. Black & Co.*, 1st Dist. Hamilton No. C-100696, 2011-Ohio-3376, ¶ 9, quoting *Perry* at 43. A promise to pay may satisfy that extra element requirement. *See N. Am. Software, Inc.* at ¶ 10. *See also Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 457 (6th Cir.2001) ("[T]here is another crucial act that stands as a condition to the appellee's liability, to wit: its promise to pay for the use of the work. Thus, this is a case in which the breach of contract cause of action alleges more than reproduction, adaptation, etc.").

{¶13} In his complaint, McCants alleged that he entered into a verbal contract with, among others, Tolliver. McCants states that the group all agreed that if the song made money that each person would share equally in the proceeds. McCants asserted that Tolliver and James McCants breached that oral agreement by receiving proceeds and not providing him with "his

rightful share." This alleged promise to split the proceeds is "qualitatively different" than that of a copyright infringement claim. McCants does not argue that Tolliver could not reproduce, perform, or distribute the song. *See* 17 U.S.C. § 106. Instead, McCants argues that he should be compensated according to the alleged agreement between the parties. Because McCants' claim for breach of contract is qualitatively different than that of a copyright infringement claim, his claim is not preempted by the Copyright Act and the court erred in finding that it was preempted. McCants' second and third assignments of error are sustained.

Assignment of Error Number Four

THE COMMON PLEAS COURT ERRORED (sic) BY GRANTING THE APPELLEE SUMMARY JUDGMENT WHERE IT WAS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.

{¶14} In his fourth assignment of error, McCants argues that the court's decision to grant Tolliver summary judgment is not supported by the weight of the evidence. In light of our resolution of his second and third assignments of error, this assignment of error is moot and we decline to address it. *See* App.R. 12(A)(1)(c).

III

{¶15} McCants' first assignment of error is overruled. His second and third assignments of error are sustained, and his fourth assignment of error is moot. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

CHRISTOPHER MCCANTS, pro se, Appellant.

THOMAS T. MULLEN, Attorney at Law, for Appellee.