[Cite as *First World Architects Studio, PSC v. McGhee*, 2018-Ohio-2158.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| FIRST WORLD ARCHITECTS STUDIO, PSC, | : | APPEAL NO. C-170284 |
| | | TRIAL NO. A-1604801 |
| Plaintiff-Appellant, | : | |
| | : | *O P I N I O N.* |
| vs. | : | |
| PAUL MCGHEE, d.b.a. FIRE PROTECTION SERVICE, OHIO, | : | |
| and | : | |
| THERESA G. ALEXANDER, d.b.a. SIGNATURE BEAUTY LOFTS, | : | |
| | : | |
| Defendants-Appellees, | : | |
| and | : | |
| DOROTHEA A. JONES, d.b.a. SIGNATURE BEAUTY LOFTS, | : | |
| Defendant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 6, 2018

*William D. Bell, Sr.*, for Plaintiff-Appellant,

*The Hill Law Office* and *Tracye T. Hill*, for Defendant-Appellee Paul McGhee, d.b.a. Fire Protection Service, Ohio.

**CUNNINGHAM, Judge**.

{¶1}    Plaintiff-appellant First World Architects Studio, PSC, ("First World") appeals from the trial court's dismissal of its complaint for lack of subject-matter jurisdiction after determining that First World's claims were preempted by federal copyright law.  For the reasons that follow, we affirm.

{¶2}    At issue is a complaint First World refiled in August 2016 against defendant-appellee Paul McGhee, d.b.a. Fire Protection Service, Ohio ("Fire Protection Service"), defendant-appellee Theresa G. Alexander, d.b.a. Signature Beauty Lofts, and defendant Dorothea A. Jones, d.b.a. Signature Beauty Lofts.[1]  First World alleged that Fire Protection Service and Signature Beauty Lofts, in seeking to obtain a building permit from the city of Cincinnati, had "improper[ly]" and without "authoriz[ation]" used "copyrighted" architectural drawings prepared by First World.  First World also alleged that it had entered into a "contractual agreement" with Signature Beauty Lofts for "architectural services," and it attached that contract to the complaint. But First World made no claim against any defendant with respect to that contract.

{¶3}    The trial court dismissed the complaint under Civ.R. 12(B)(1) on Fire Protection Service's motion, concluding that First World's claims fell within the ambit of the Copyright Act, 17 U.S.C. 101 et seq., and therefore, were within the exclusive jurisdiction of the federal courts.

{¶4}    With respect to exclusive federal jurisdiction in copyright cases, 28 U.S.C. 1338(a) provides:

The [federal] district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to * * * copyrights * * *.

---

[1] The record demonstrates that First World never obtained service on this named defendant.

No State court shall have jurisdiction over any claim for relief arising under

any Act of Congress relating to * * * copyrights.

Architectural drawings undisputedly are afforded copyright protection, as they fall within the subject matter of copyright. *See Schuchart & Assocs., Professional Engineers, Inc. v. Solo Serve Corp.*, 540 F.Supp. 928, 942 (W.D.Tex.1982).

{¶5} In its sole assignment of error, First World argues the trial court erred by finding that its claims fell within the subject matter of the Copyright Act, because the allegations involved a breach of a contract in addition to copyright infringement, and because the infringement claims involved unregistered architectural drawings.

{¶6} We review de novo a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(1). *State ex rel. Ohio Civ. Serv. Emp. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12, cited in *Brown v. Cincinnati Pub. Schools*, 1st Dist. Hamilton No. C-150345, 2016-Ohio-4675, ¶ 5. Dismissal is appropriate when the plaintiff has failed to allege "any cause of action cognizable by the forum." *State ex rel. Ohio Civ. Serv. Emp. Assn.* at ¶ 12.

{¶7} Initially, we address First World's argument that its claims for copyright infringement could not be within the exclusive jurisdiction of the federal courts because it did not register the architectural drawings in accordance with the Copyright Act. According to First World, absent registration, a federal court lacks subject-matter jurisdiction over its infringement claims, and it suggests that a state court would then have subject-matter jurisdiction over the dispute.

{¶8} The Copyright Act, with a few exceptions not relevant here, requires copyright holders to register their works before suing for copyright infringement and obtaining certain remedies. *See* 17 U.S.C. 411(a) and 17 U.S.C. 412. Although First World

contends that the Copyright Act's registration requirement restricts a federal court's subject-matter jurisdiction, the United State Supreme Court rejected that argument in *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010).

{¶9} Moreover, a copyright holder's failure to register has no bearing on the preemption of state-law claims. *See Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 658 (4th Cir.1993). Thus, First World could not avoid the preemptive effect of the Copyright Act by failing to timely register its architectural drawings in accordance with the Copyright Act. *Id.* Consequently, we reject First World's argument that the dismissal was improper because the architectural drawings allegedly infringed were unregistered.

{¶10} First World's other argument focuses on whether it alleged a state-law claim for breach of contract that does not invoke federal copyright law and is not preempted. Under 17 U.S.C. 301(a), a state common-law or statutory claim is preempted if: "(1) the work is within the scope of the 'subject matter of copyright,' as specified in 17 U.S.C. §§ 102 and 103; and, (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright law as set out in 17 U.S.C. § 106." *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir.2001); *see State v. Perry*, 83 Ohio St.3d 41, 42, 697 N.E.2d 624 (1998). Generally, Section 106 of the Copyright Act protects an owner's right to reproduce, distribute, perform, and display a copyrighted work, and to prepare derivative works based on a copyrighted work. 17 U.S.C. 106.

{¶11} Because we have already held that First World's unregistered architectural drawings fell within the subject matter of copyright law, the only issue is the equivalency prong of the analysis. "[T]o survive a preemption challenge based on equivalency of protected rights, the state law claim must contain an extra element" that "distinguish[es] the claim from a claim in copyright" and renders the state-law claim " 'qualitatively

different from a copyright infringement claim.' " (Emphasis omitted.) *Perry* at 43, quoting *United States ex rel. Berge v. Bd. of Trustees of Univ. of Alabama*, 104 F.3d. 1453, 1463 (4th Cir.1997); s*ee Wrench* at 456; *N. Am. Software, Inc. v. James I. Black & Co.*, 1st Dist. Hamilton No. C-100696, 2011-Ohio-3376, ¶ 9; *McCants v. Tolliver*, 9th Dist. Summit No. 27253, 2014-Ohio-3478, ¶ 11.

{¶12}   Here, First World alleged that it had entered into a contract for architectural services with Signature Beauty Lofts, and it attached the contract to the complaint, but it made no further allegation concerning that contract in its complaint. Consequently, First World has failed to show that it presented a state-law based breach-of-contract claim containing an "extra element" that survives preemption.

{¶13}   Upon our review, we hold that First World did not allege a breach-of-contract claim falling outside the subject matter of copyright law, and that First World's infringement claims fell within the exclusive jurisdiction of the federal courts and were preempted, even though First World did not register the architectural drawings.   Thus, First World failed to demonstrate that it alleged any cause of action cognizable by an Ohio court, and that the trial court erred by dismissing the complaint for lack of subject-matter jurisdiction.   Accordingly, we overrule the assignment of error and we affirm the trial court's judgment.

{¶14}   Fire Protection Service has moved for attorney fees and costs pursuant to App.R. 23, Civ.R. 11, and R.C. 2323.51.   This court will address that motion by separate entry.

Judgment affirmed.

**MOCK, P.J.,** and **DETERS, J.,** concur.