[Cite as *Cline v. Mtge. Electronic Registration Sys., Inc.*, 2013-Ohio-5706.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Santana Cline, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 13AP-240 |
| | | (C.P.C. No. 12CV-2288) |
| Mortgage Electronic Registration Systems, Inc. et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

### D E C I S I O N

#### Rendered on December 24, 2013

*Santana Cline*, pro se.

*Weltman, Weinberg & Reis Co., L.P.A., Jennifer Monty Riecker*, and *Jason K. Wright*, for appellee Mortgage Electronic Registration Systems, Inc.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiff-appellant, Santana Cline, appeals from the judgment of the Franklin County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss filed by defendant-appellee, Mortgage Electronic Registration Systems ("MERS"). For the reasons that follow, we affirm the judgment of the trial court.

## I. BACKGROUND

{¶ 2} This matter arose with the February 21, 2012 filing of appellant's complaint, pursuant to R.C. 5303.01, seeking to quiet title on real property located in Franklin County, Ohio. According to the complaint and the documents attached thereto, appellant executed a promissory note on April 5, 2006 in favor of CBSK, Financial Group, Inc.,

d.b.a. American Home Loans ("CBSK"), for the sum of $108,300.  The note was secured by a mortgage executed the same day in favor of MERS, as nominee for CBSK and its successors and assigns.

{¶ 3}   The complaint alleges CBSK's Ohio mortgage license was cancelled on April 30, 2006, and CBSK was shut down by the state of California on October 30, 2007. Based on these two events, the complaint asserts CBSK is no longer a member of MERS' organization, thus voiding any contractual agreements between MERS and CBSK. According to the complaint, because the contractual agreements between the two entities are void, the mortgage is "no longer enforceable" and "there is no longer a promissory note to satisfy," and appellant is entitled to quiet title under R.C. 5303.01.  (Complaint, 2.)

{¶ 4}   MERS filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).  MERS argued that, by executing the mortgage naming MERS the mortagee, as nominee for CBSK and its successors and assigns, appellant agreed that MERS would be the mortgagee, regardless of whether CBSK continued to own the note.

{¶ 5}   By decision and entry filed March 21, 2013, the trial court granted MERS' motion to dismiss.  Relying on *Bank of N.Y. Mellon Trust Co., N.A. v. Unger*, 8th Dist. No. 97315, 2012-Ohio-1950, the trial court concluded the mortgage is not a cloud on appellant's title because appellant agreed to the lien as security for repayment of the note, and, thus, appellant could not maintain her quiet title action under R.C. 5303.01.

## II.  ASSIGNMENTS OF ERROR

{¶ 6}   This appeal followed, and appellant asserts the following seven assignments of error for our review:

> FIRST ASSIGNMENT OF ERROR:
>
> The Trial Court erred in granting Defendant's Motion To Dismiss.
>
> SECOND ASSIGNMENT OF ERROR:
>
> The Trial Court erred by dismissing Plaintiff's complaint by relying on statements outside the complaint and not converting the motion to one for summary judgment.

THIRD ASSIGNMENT OF ERROR, TOGETHER WITH CLINE'S FOURTH AND FIFTH ASSIGNMENT OF ERROR:

The Trial Court erred by not granting the default judgment, erred by allowing the Defendant's to file out of time, and by not making a proper ruling on the merits of excusable neglect.

SIXTH ASSIGNMENT OF ERROR:

The trial court erred by not addressing Plaintiff's Motion for Summary Judgment and Motion for Sanctions filed against Jennifer M Rieker.

SEVENTH ASSIGNMENT OF ERROR:

The Trial Court showed biased behavior by holding docket entries.

## III. DISCUSSION

### A. First Assignment of Error

{¶ 7} In her first assignment of error, appellant argues the trial court erred in granting MERS' motion to dismiss.

{¶ 8} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted "is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, it must appear "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief." *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2011-Ohio-6167, ¶ 3 (8th Dist.), citing *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 9} In ruling on a Civ.R. 12(B)(6) motion, a trial court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Industries*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10, quoting *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.). Rather, " '[i]f a Civ.R. 12(B)(6) movant relies on evidence outside of the complaint and its attachments, then Civ.R. 12(B) specifies that the motion

must either be denied or converted to a summary judgment motion, which would proceed under Civ.R. 56.' " *Id.*, quoting *Acierno* at ¶ 30, citing *Petrey v. Simon*, 4 Ohio St.3d 154, 156 (1983).

{¶ 10} An appellate court employs "a de novo standard of review for motions to dismiss filed pursuant to Civ.R. 12(B)(6)." *Grey* at ¶ 3, citing *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228 (1990). Under de novo analysis, we are required to "accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.*, citing *Byrd v. Faber*, 57 Ohio St.3d 56 (1991).

{¶ 11} The trial court granted MERS' motion after concluding that, because appellant voluntarily signed the mortgage and agreed to the existing lien, the mortgage could not constitute a cloud on appellant's title subject to R.C. 5303.01. On appeal, appellant argues the original loan was originated by CBSK, a company no longer in business; therefore, any agreement between CBSK and MERS that MERS would act as nominee for CBSK is void. In appellant's view, because the agreement between CBSK and MERS is void, the note and mortgage are no longer in effect and constitute a cloud upon her title. Appellant argues that, unlike *Unger*, which concerned mortgage assignments, this matter concerns the underlying mortgage itself.

{¶ 12} It is recognized in Ohio that actions to quiet title are permitted exclusively pursuant to statute. R.C. 5303.01; *Dominion Homes, Inc. v. Shinoskie*, 10th Dist. No. 01AP-794, 2002-Ohio-2298, ¶ 16; *Chef Italiano Corp. v. Kent State Univ.*, 11th Dist. No. 91-P-2308 (Feb. 21, 1992). R.C. 5303.01 provides that:

> An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest. Such action may be brought also by a person out of possession, having, or claiming to have, an interest in remainder or reversion in real property, against any person who claims to have an interest therein, adverse to him, for the purpose of determining the interests of the parties therein.

{¶ 13} Appellant does not dispute that she executed the promissory note on April 5, 2006. Nor does appellant dispute the note was secured by a mortgage naming

MERS the mortagee, as nominee for CBSK and its successors and assigns. Regardless, appellant asserts she is no longer bound under the mortgage. Appellant's argument is based entirely on her assertion that the contracts between MERS and CBSK are void and no longer in effect. The fallacy in appellant's argument is that appellant does not appear to be, nor does she allege that she was, a party to those purported contracts such that they could have any impact on the contracts she executed on April 5, 2006. " 'Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio.' " *Camden v. Kain*, 10th Dist. No. 93APE11-1518 (May 26, 1994), quoting *Grant Thornton v. Windsor House, Inc.*, 57 Ohio St.3d 158, 161 (1991).

{¶ 14} Though certain contractual agreements may or may not exist between the two entities at issue here, appellant does not allege how this has any impact on her obligations under the contract into which she entered so as to be entitled to quiet title under R.C. 5303.01. *See Duran v. Mtge. Elec. Registration Sys., Inc.*, N.D.Ohio No. 3:12 CV 1801 (Feb. 5, 2013) (underlying contract between debtor and mortgage holder entirely separate from contract between mortgage holder and assignee such that debtor is not a party to the second assignment contract, has no cognizable interest in it, and has no right to step into the original mortgage holder's shoes to raise its contract rights against the assignee); *Thomas v. Deutsche Bank Natl. Trust Co.*, S.D.Ohio No. 2:11-cv-866 (May 21, 2012) (claim to quiet title under R.C. 5303.01 dismissed because debtor lacked standing to challenge mortgage assignment); *Popov v. Deutsche Bank Natl. Trust Co.*, N.D.Ohio No. 1:12-cv-00170-DCN (Oct. 30, 2012) (contract between MERS and assignee does nothing to invalidate contract between debtor and MERS; therefore, debtor's quiet title action dismissed).

{¶ 15} Upon review, we find appellant's complaint fails to state a claim upon which relief can be granted, and, thus, the trial court did not err in dismissing appellant's complaint pursuant to Civ.R. 12(B)(6). Accordingly, appellant's first assignment of error is overruled.

### B. Second Assignment of Error

{¶ 16} In her second assignment of error, appellant asserts the trial court erred in relying on statements outside the complaint in contravention of Civ.R. 12(B)(6). According to appellant, the trial court relied on MERS' statements directing the trial court

to "look to alleged unnamed 'successors' to make a finding that the lien was valid for repayment of a promissory note." (Appellant's Brief, 20.)

{¶ 17} Contrary to appellant's assertion, the trial court granted MERS' motion to dismiss based upon the allegations made in the complaint and the contracts attached thereto, which could be considered by the trial court for purposes of the Civ.R. 12(B)(6) motion. *Brisk*; *Miller v. Cass*, 3d Dist. No. 3-09-15, 2010-Ohio-1930 (a copy of a written instrument attached to a pleading is a part of the pleading for all purposes and, thus, can be considered for purposes of a motion to dismiss); *Adlaka v. Giannini*, 7th Dist. No. 05 MA 105, 2006-Ohio-4611, ¶ 34 ("If the plaintiff decides to attach documents to his complaint, which he claims establish his case, such documents can be used to his detriment to dismiss the case if they along with the complaint itself establish a failure to state a claim."). Because the language in the complaint and accompanying contracts clearly foreclose appellant's claim against MERS to quiet title, the trial court could properly dismiss those claims under Civ.R. 12(B)(6). *Denlinger v. Columbus*, 10th Dist. No. 00AP-315 (Dec. 7, 2000). *See Allstate Ins. Co. v. Blaum*, 4th Dist. No. 1490 (Dec. 2, 1988) ("If a written instrument is attached to the complaint, it should be construed together with the averments of the complaint in determining whether there is any possible set of facts which would entitle the plaintiff to relief.").

{¶ 18} In conclusion, we find no merit to appellant's contention that the trial court relied on evidence outside the complaint and its attachments to resolve MERS' motion to dismiss. Accordingly, appellant's second assignment of error is overruled.

### C. Third, Fourth, and Fifth Assignments of Error

{¶ 19} In the third, fourth, and fifth assignments of error, appellant contends the trial court erred in denying her motion for default judgment. According to the record, service on MERS was obtained on March 2, 2012, and appellant moved for default judgment on April 24, 2012. The trial court referred the matter to a magistrate for a hearing. Prior to the hearing, MERS sought leave to file a motion to dismiss. Therefore, the magistrate issued an order vacating the hearing on the motion for default judgment pending the trial judge's ruling on the motion to vacate and motion to dismiss. Appellant twice sought reconsideration of the trial court's decision granting MERS leave to file a

motion to dismiss and both requests were rejected by the trial court. Thereafter, the trial court rendered its decision granting MERS' motion to dismiss.

{¶ 20} MERS does not dispute that it did not respond within the time permitted by the Ohio Rules of Civil Procedure, and, as such, appellant was permitted to seek default judgment pursuant to Civ.R. 55. However, Civ.R. 6(B) allows for an extension of time to file a late pleading, within the trial court's discretion, "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect."

{¶ 21} It is well-settled that a trial court may permit the filing of an untimely answer where the record contains sufficient evidence of excusable neglect. *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 465 (1995). In determining whether neglect is excusable or inexcusable, a trial court "must take into consideration all the surrounding facts and circumstances, and * * * must be mindful of the admonition that cases should be decided on their merits, where possible, rather than [on] procedural grounds." *Fowler v. Coleman*, 10th Dist. No. 99AP-319 (Dec. 28, 1999). In addition, "a trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion." *Id.*

{¶ 22} In the instant case, MERS filed its motion for leave to file a motion to dismiss, and the trial court granted MERS' request after concluding MERS established excusable neglect in failing to timely respond to appellant's complaint. The trial court specifically found factors weighing against appellant's argument that MERS should not be permitted leave to plead, including the fact that appellant filed two identical lawsuits against MERS on the same day. It was within the trial court's discretion to find the reasons set forth in MERS' motion and memorandum in support to be tantamount to excusable neglect, and we do not discern an abuse of the trial court's discretion in so finding.

{¶ 23} Accordingly, appellant's third, fourth, and fifth assignments of error are overruled.

### D.  Sixth Assignment of Error

{¶ 24}  In her sixth assignment of error, appellant contends the trial court erred by not ruling on her motion for summary judgment and motion for sanctions.

{¶ 25}  It is well-established that "[w]hen a trial court fails to rule on a motion, the appellate court presumes that the trial court overruled the motion." *Brannan v. Fowler*, 100 Ohio App.3d 577, 581 (4th Dist.1995).  Similarly, when the trial court enters judgment without expressly determining a pending motion, the motion is also considered impliedly overruled.  *Portofe v. Portofe*, 153 Ohio App.3d 207, 2003-Ohio-3469, ¶ 16 (7th Dist.), citing *Solon v. Solon Baptist Temple, Inc.*, 8 Ohio App.3d 347 (8th Dist.1982); *Newman v. Al Castrucci Ford Sales, Inc.*, 54 Ohio App.3d 166, 169 (1st Dist.1988).

{¶ 26}  On November 1, 2012, appellant filed a motion seeking "an order sanctioning Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 (using the name CBSK) and their counsel Jennifer Rieker" on the basis that counsel engaged in frivolous conduct in purporting to represent CBSK when she did not.  (Nov. 1, 2012 Motion, 1.)  The following day, appellant filed a motion seeking a dismissal of defendant CBSK pursuant to Civ.R. 41(A)(1)(a).  The trial court granted appellant's request for dismissal of CBSK on November 8, 2011.  Subsequently, the only party defendant remaining in this litigation was MERS.

{¶ 27}  Because appellant dismissed the party serving as the underlying basis for her request for sanctions, we find the trial court did not err in not awarding the requested sanctions.

{¶ 28}  Regarding appellant's motion for summary judgment, said motion was filed on February 4, 2013, after MERS was granted leave to file a motion to dismiss.  As previously indicated, the trial court granted MERS' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).  A trial court clearly has the discretionary authority in a case like this one, where multiple motions are pending, to consider a Civ.R. 12(B)(6) motion first and to dispense with the entire matter if the complaint, with its exhibits, when viewed by the requisite standard, fails to state a claim upon which relief may be granted.  *Wright v. Ghee*, 10th Dist. No. 01AP-1459, 2002-Ohio-5487, ¶ 53, citing *Budd v. Kinkela*, 10th Dist. No. 01AP-1478, 2002-Ohio-

4311, ¶ 20. Once a case is dismissed because the complaint does not state a claim for relief, any other pending motions necessarily become moot. *Id.*

{¶ 29} Because the trial court determined appellant's complaint failed to state a claim upon which could be granted, appellant's motion for summary judgment was rendered moot and the trial court did not err in not addressing the same.

{¶ 30} For the foregoing reasons, appellant's sixth assignment of error is overruled.

### E.  Seventh Assignment of Error

{¶ 31} In the seventh assignment of error, appellant contends the trial court showed bias by giving the appearance of considering objections to the motion when it had, in fact, "already drafted the opinions weeks in advance." (Appellant's Brief, 35.)

{¶ 32} The Supreme Court of Ohio has held that an appellate court has no jurisdiction to vacate a trial court's judgment based on a claim of judicial bias. *Beer v. Griffith*, 54 Ohio St.2d 440, 441-42 (1978). This court addressed a plaintiff's remedy for suspected judicial bias in *Polivka v. Cox*, 10th Dist. No. 02AP-1364, 2003-Ohio-4371, where a pro se plaintiff argued that the trial judge should have removed himself because of a personal bias against the plaintiff. This court stated:

> If plaintiff believed the trial judge was biased or prejudiced against him, his remedy was to file an affidavit of prejudice with the clerk of the Ohio Supreme Court. R.C. 2701.03 "provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced." *Jones v. Billingham* (1995), 105 Ohio App.3d 8, 11. Only the Chief Justice of the Ohio Supreme Court or his designee has the authority to determine a claim that a common pleas court judge is biased or prejudiced. *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 441-442. Thus, an appellate court is without authority to pass upon issues of disqualification or to void a judgment on the basis that a judge should be disqualified for bias or prejudice. *Id.*; *State v. Ramos* (1993), 88 Ohio App.3d 394, 398.

*Id.* at ¶ 29; *see also Fernandez v. Ohio State Pain Control Ctr.*, 10th Dist. No. 03AP-1018, 2004-Ohio-6713 (holding that a plaintiff's argument that the trial court's decisions were erroneous, based on alleged bias or prejudice, was not properly before this court, even though it was unclear whether the plaintiff was arguing that the trial judge should have disqualified himself). Here, the record does not indicate that appellant raised a claim of

prejudice or bias by filing an affidavit of prejudice with the Supreme Court of Ohio pursuant to R.C. 2701.03. Based on the aforementioned authority, we find that we lack authority to assess appellant's claim that the trial court's disposition of her claim was the result of bias and prejudice.

{¶ 33} Additionally, this court has previously held that "[a] judge is presumed not to be biased or prejudiced, and a party alleging bias or prejudice must present evidence to overcome the presumption." *Wardeh v. Altabchi*, 158 Ohio App.3d 325, 2004-Ohio-4423, ¶ 20 (10th Dist.), citing *In re Disqualification of Kilpatrick*, 47 Ohio St.3d 605, 606 (1989), and *Eller v. Wendy's Internatl., Inc.*, 142 Ohio App.3d 321, 340 (10th Dist.2000). " 'The existence of prejudice or bias against a party is a matter that is particularly within the knowledge and reflection of each individual judge and is difficult to question unless the judge specifically verbalizes personal bias or prejudice toward a party.' " *Wardeh* at ¶ 20, quoting *Eller* at 340. A judge's rulings of law are legal issues, subject to appeal, and are not by themselves evidence of bias or prejudice. *Okocha v. Fehrenbacher*, 101 Ohio App.3d 309, 322 (8th Dist.1995). Appellant's unsubstantiated accusations of improper conduct are insufficient to overcome the presumption of judicial integrity. *Cooke v. United Dairy Farmers, Inc.*, 10th Dist. No. 05AP-1307, 2006-Ohio-4365. Accordingly, appellant's seventh assignment of error is overruled.

## IV. CONCLUSION

{¶ 34} Having overruled appellant's seven assignments of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

BROWN and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____