[Cite as *Zidel v. Allstate Ins. Co.*, 2016-Ohio-1456.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Todd Alan Zidel, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-857 |
| v. | : | (M.C. No. 2015 CVE 017953) |
| Allstate [Fire and Casualty] Insurance Company et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on April 7, 2016

**On brief:** *Todd Alan Zidel,* pro se. **Argued:** *Todd Alan Zidel*

**On brief:** *Hollern & Associates,* and *Edwin J. Hollern,* for appellees. **Argued:** *Edwin J. Hollern*

APPEAL from the Franklin County Municipal Court

HORTON, J.

{¶ 1} Plaintiff-appellant, Todd Alan Zidel, pro se, appeals from a judgment of the Franklin County Municipal Court granting defendant-appellee, Allstate Fire and Casualty Insurance Company's ("Allstate") motion for judgment on the pleadings. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 4, 2014, Zidel was involved in an auto accident with non-party Keshia Davis. Zidel alleges that Davis was operating a car owned by non-party Lemmie Samuels, which was insured by Allstate. Zidel was insured by GEICO Casualty Company ("GEICO").

{¶ 3} Instead of suing the potential tortfeasors, i.e., Davis and Samuels, Zidel sued the insurance companies, Allstate and GEICO. (Zidel subsequently reached a

settlement with his company, GEICO.)    In the complaint, Zidel states his sole claim against Allstate for money damages:

> Mr. Zidel's claim against All State for having his special classic Chevy Lumina totally lost due to the reckless driver driving their insured vehicle is $5,000.00.

{¶ 4}    On July 7, 2015, Allstate filed a Motion for Judgment on the Pleadings. On August 17, 2015, the trial court held that:

> After review of the pleadings * * * the court finds the Defendant has met its legal burden and hereby sustains the motion filed.  Therefore, Allstate is hereby dismissed from this case.

(Entry, 1.)

## II. ASSIGNMENTS OF ERROR

{¶ 5}    Zidel's three assignments of error are lengthy, and at times difficult to follow. However, in light of our holding, we will briefly summarize.   Zidel's assignments of error allege that, (1) the trial court did not address who was financially responsible for the loss of his vehicle, (2) Allstate participated in a conspiracy to avoid financial responsibility, and (3) Allstate aided and abetted the tortfeasor(s) in a vehicular assault.

## III. DISCUSSION—NO SET OF FACTS ENTITLING APPELLANT TO RELIEF

{¶ 6}    As we recently stated in *Goscenski v. Ohio Dept. of Transp.*, 10th Dist. No. 13AP-585, 2014-Ohio-3426, ¶ 7:

> Civ.R. 12(C) permits a party to move for judgment on the pleadings. Determination of a motion for judgment on the pleadings "is restricted solely to the allegations in the pleadings." *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166, 297 N.E.2d 113 (1973). A trial court will grant judgment on the pleadings when, after construing the material allegations in the complaint in favor of the nonmoving party, the court "finds beyond doubt [ ] that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 1996 Ohio 459, 664 N.E.2d 931 (1996). Appellate courts review the decision to grant or deny judgment on the pleadings under the de novo standard. *Freedom Banc Mtge. Servs., Inc. v. Cincinnati Ins. Co.*, 10th Dist. No. 13AP-400, 2014-Ohio-226, ¶ 9; *Triplett v. Warren Corr. Inst.*, 10th Dist. No. 12AP-728, 2013-Ohio-2743, ¶ 8.

{¶ 7} "R.C. 3929.06(B) precludes a person from bringing a civil action against the tortfeasor's insurer until the person has first obtained a judgment for damages against the insured and the insurer has not paid the judgment within 30 days." *W. Broad Chiropractic v. Am. Family Ins.,* 122 Ohio St.3d 497, 2009-Ohio-3506, ¶ 28; *Axline v. Kevin R. Connors*, 10th Dist. No. 14AP-924, 2015-Ohio-4679, ¶ 44. "The injured party must obtain a judgment against the tortfeasor *before* he can sue the insurer." (Emphasis sic.) *Achor v. Clinton Cty. Bd. of Mental Retardation & Dev. Disabilities*, 10th Dist. No. 86AP-60 (June 5, 1986).

{¶ 8} R.C. 3929.06 states, in relevant part:

> (A)(1) If a court in a civil action enters a final judgment that awards damages to a plaintiff for * * * loss to * * * property of the plaintiff * * * if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that * * * loss, the plaintiff * * * is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.
>
> (2) If, within thirty days after the entry of the final judgment referred to in division (A)(1) of this section, the insurer that issued the policy of liability insurance has not paid the judgment creditor * * *, the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. * * *
>
> (B) *Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor* and until the expiration of the thirty-day period referred to in division (A)(2) of this section.

(Emphasis added.) It is clear that "[d]irect actions are not permitted in Ohio by third parties against a tortfeasor's liability insurance carrier." *Shaeffer, Whiting v. Grange Mut. Cas. Co.*, 10th Dist. No. 80AP-748 (Feb. 26, 1981), citing to *Chitlik v. Allstate Ins. Co.*, 34 Ohio App.2d 193 (8th Dist.1973).

{¶ 9}   Our de novo review of this action shows that Zidel's only claim against Allstate is for money damages.  However, Zidel failed to comply with R.C. 3929.06 by attempting to obtain a judgment against Allstate without first obtaining a judgment against the tortfeasor(s).  Since Zidel must obtain a judgment against the tortfeasor(s) before he can sue Allstate, we agree with the trial court that Zidel could prove no set of facts that would entitle him to relief.  Therefore, Zidel's assignments of error are moot.

## IV. DISPOSITION

{¶ 10} Having concluded that the trial court properly granted Allstate's motion for judgment on the pleadings, Zidel's assignments of error are moot. The judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

TYACK and BRUNNER, JJ., concur.

———————————