[Cite as *Dubovsky v. State Farm Mut. Auto. Ins. Co.*, 2024-Ohio-4956.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

ROBERT F. DUBOVSKY

    Appellant

    v.

STATE FARM MUTUAL AUTOMOBILE
INS. CO., et al.

    Appellees

C.A. No.     23AP0038

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2023 CVC-H 000363

DECISION AND JOURNAL ENTRY

Dated: October 15, 2024

---

HENSAL, Judge.

**{¶1}** Robert F. Dubovsky appeals the judgment of the Wayne County Court of Common Pleas that dismissed his complaint. This Court affirms.

I.

**{¶2}** Mr. Dubovsky sued State Farm Mutual Insurance Company and its president (collectively "State Farm"), alleging that he suffered a total loss of his 2007 Toyota Camry Hybrid, which had been driven 97,000 miles, following an accident caused by a driver insured by State Farm. The complaint explained that Mr. Dubovsky had attempted to reach a settlement with State Farm but maintained that State Farm did not offer a settlement amount that reflected the "excellent" condition of his vehicle. State Farm moved to dismiss the complaint under Civil Rule 12(B)(6), arguing that Revised Code Section 3929.06 prohibits a civil action against an insurer until after a judgment is obtained against the insured. In response, Mr. Dubovsky reiterated the

substance of his complaint. The trial court granted the motion to dismiss, and Mr. Dubovsky filed this appeal.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT DISMISSED APPELLANT MR. DUBOVSKY'S CLAIM FOR FAILURE TO STATE A CLAIM TO OHIO CIVIL RULE 12(B)(6) BUT DOES NOT IDENTIFY THE FACT THAT:

1. STATE FARM DISREGARDED ITS DUTY TO ITS OWN INSURED TO NEGOTIATE IN GOOD FAITH WITH A PARTY INJURED BY THEIR FAULT INSURED DRIVER.

2. THE OHIO SUPREME COURT HAS HELD THAT AN INSURER OWES A DUTY OF GOOD FAITH TO ITS INSURED IN THE PROCESSING, PAYMENT, SATISFACTION AND SETTLEMENT OF INSURED'S CLAIMS.

3. STATE FARM (S.F.) AN INSURER OWES A DUTY OF GOOD FAITH TO ITS INSURED IN THE PROCESSING, PAYMENT, SATISFACTION AND SETTLEMENT OF INSURED'S CLAIMS.

FAILING THIS INSURER'S DUTY, THE INJURED PARTY MUST SUE FOR DAMAGES, INJURIES AND LOSS OF USE AGAINST THE AT FAULT STATE FARM DRIVER. THIS LAW SUIT ACTION AGAINST S.F. DRIVER IS A DIRECT RESULT OF S.F. FAILING TO NEGOTIATE IN GOOD FAITH WITH THE INJURED PARTY THEREBY DIRECTLY CAUSING INJURED PARTY TO SUE AT FAULT DRIVER RESULTING IN GREATER FINANCIAL LOSS AND STRESS TO THEIR INSURED DUE STATE FARM RELUCTANCE TO SETTLE WITH THE INJURED PARTY, MR. DUBOVSKY.

{¶3} Mr. Dubovsky's assignment of error argues that the trial court erred by granting State Farm's motion to dismiss. This Court does not agree.

{¶4} This Court reviews an order that resolves a motion under Civ.R. 12(B)(6) de novo. *See Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim "is a procedural motion that tests the sufficiency of the plaintiff's complaint." *Pugh v. Capital One Bank (USA) NA¸* 2021-Ohio-994, ¶ 7 (9th Dist.), citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). Dismissal

for failure to state a claim can only be granted when, having presumed that all factual allegations of the complaint are true and having made all reasonable inferences in favor of the plaintiff, it appears beyond doubt that the plaintiff can prove no set of facts that would warrant relief. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

{¶5} Section 3929.06(A) describes the process by which liability insurance is applied in satisfaction of a final judgment. Under Section 3929.06(A)(1), upon final judgment against an insured that awards damages, "the plaintiff . . . is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment." If an insurer has not paid that amount to the judgment creditor within thirty days after entry of final judgment, Section 3929.06(A)(2) authorizes the judgment creditor to file a supplemental complaint seeking judgment against the insurer.

{¶6} Section 3929.06(A)(2), however, "does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in [Section 3929.06(A)(1)] in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in [Section 3929.06(A)(2)]." R.C. 3929.06(B). *See also W. Broad Chiropractic v. Am. Family Ins.*, 2009-Ohio-3506, ¶ 28. "[A] tort claimant has only a potential interest in a liability-insurance policy covering claims against the insured and that potential interest 'does not develop into a vested right until a judgment is secured.'" *In re All Cases Against Sager Corp.*, 2012-Ohio-1444, ¶ 31, quoting *Hartford Acc. & Indemn. Co. v. Randall*, 125 Ohio St. 581, 585 (1932). Consequently, the "direct action rule" set forth in Section 3929.06(B) provides that "[a]n injured person may sue a tortfeasor's liability insurer, but only after obtaining judgment against the insured." (Alteration in original.) *Burr v.*

*Nationwide Mut. Ins. Co.*, 2013-Ohio-4406, ¶ 21 (9th Dist.), quoting *Chitlik v. Allstate Ins. Co.*, 34 Ohio App.2d 193, 198 (8th Dist. 1973).

{¶7} Mr. Dubovsky's complaint sought judgment directly against State Farm in connection with the underlying accident. It did not allege any causes of action against State Farm that were independent of the tortfeasor's conduct. Although the complaint appeared to reference instances in which Mr. Dubovsky believed that State Farm failed to negotiate with him in good faith, the context of those allegations demonstrates that his concern was that State Farm did not offer him a settlement equal to what he believed his vehicle was worth. The complaint alleged that Mr. Dubovsky was entitled to damages only directly in connection with the underlying accident. Mr. Dubovsky has not obtained a judgment against the tortfeasor, so the direct-action rule prohibits his direct action against State Farm at this time. *See Burr* at ¶ 21; R.C. 3929.06(B).

{¶8} Even presuming that all factual allegations of Mr. Dubovsky's complaint are true and making all reasonable inferences in his favor, it appears beyond doubt that he cannot prove any set of facts that would warrant relief. The trial court, therefore, did not err by dismissing Mr. Dubovsky's complaint under Rule 12(B)(6). His assignment of error is overruled.

### III.

{¶9} Mr. Dubovsky's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

5

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ROBERT F. DUBOVSKY, pro se, Appellant.

GREGORY H. COLLINS, Attorney at Law, for Appellee.

LUCAS P. BAKER, Attorney at Law, for Appellee.