**[Cite as *Clark v. Grange Ins.*, 2025-Ohio-3243.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| April Clark, | : | |
| Plaintiff-Appellant, | : | |
| Diamond Clark, | : | No. 24AP-765 (C.P.C. No. 24CV-6694) |
| Plaintiff-Appellee, | : | (ACCELERATED CALENDAR) |
| v. | : | |
| Grange Insurance et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 9, 2025

**On brief:** *April Clark*, pro se.

**On brief:** *Gallagher, Gams, Tallan, Barnes & Littrell, LLP,* and *James R. Gallagher*, for defendants-appellees. **Argued:** *James R. Gallagher*.

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Plaintiff-appellant, April Clark, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss filed by defendants-appellees, Grange Insurance, Karen Knightsbridge, Leslie Reno, Cindy Sortino, Sayyed Shikilgar, Jessica Kelley, and Amber Roese (collectively "appellees").

## I.  Facts and Procedural History

{¶ 2}  On August 28, 2024, appellant and Diamond Clark filed a pro se complaint against appellees, as well as against Victoria Hobensack.[1]  On October 4, 2024, appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and 12(B)(6).

{¶ 3}  On October 20, 2024, appellant filed a pro se amended complaint.[2]  In the amended complaint, appellant alleged that she and three other individuals were passengers in a vehicle involved in a rear-end collision caused by Hobensack.  The complaint alleged that Hobensack was insured by Grange Insurance, and that Knightsbridge, Reno, Sortino, Shikilgar, and Kelley "are employees of Grange Insurance and are being sued in their individual capacities." (Am. Compl. at 2.)  Appellant alleged she filed a claim with Grange Insurance, and that appellees "initially offered a settlement." (Am. Compl. at 3.)  It was further alleged that, "[s]ubsequent to this agreement," appellees "intentionally blocked access to the payment portal, preventing the Plaintiff from receiving the agreed-upon amount." (Am. Compl. at 3.)  The complaint asserted causes of action for fraudulent misrepresentation, bad faith, intentional infliction of emotional distress, and vicarious liability.

{¶ 4}  On November 4, 2024, appellees filed a motion to dismiss the amended complaint against them under Civ.R. 12(B)(1) and 12(B)(6).  In their motion, appellees argued that, pursuant to R.C. 3929.06, appellant was precluded from filing a direct action against Hobensack's liability insurer, Grange Insurance, as well as against the named liability claims adjusters.  Appellees further argued Ohio law does not recognize a cause of action for third-party bad faith.

{¶ 5}  On December 18, 2024, the trial court filed a decision and entry granting appellees' motion to dismiss for failure to state a claim.  Appellant appeals that decision.

## II.  Assignment of Error

{¶ 6}  On appeal, appellant's pro se brief does not set forth a statement of the assignments of error as required under App.R. 16(A)(3).  Appellant's brief contains a

---

[1] On October 28, 2024, Diamond Clark filed a voluntary dismissal as to defendant Victoria Hobensack.

[2] Diamond Clark, who was named as a plaintiff in the original and amended complaint, did not sign the amended complaint and has not appealed from the judgment of the trial court dismissing the amended complaint.

heading titled "Error in Lower Court's Dismissal," in which appellant "submits that the dismissal of this case" by the trial court "was both deliberately procedurally and substantively incorrect for several reasons." (Appellant's Brief at 18.) For purposes of review, we will construe the error appellant assigns as asserting the trial court erred in granting appellees' Civ.R. 12(B)(6) motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted.

## III. Discussion

{¶ 7}  Under Ohio law, "[a] Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted 'is procedural and tests the sufficiency of the complaint.' " *Cline v. Mtge. Electronic Registration Sys.*, 2013-Ohio-5706, ¶ 8 (10th Dist.), quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 1992-Ohio-73, ¶ 9, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). In order for a trial court to grant a Civ.R. 12(B)(6) "motion to dismiss for failure to state a claim upon which relief can be granted, it must appear 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief.' " *Id.*, quoting *Grey v. Walgreen Co.*, 2011-Ohio-6167, ¶ 3 (8th Dist.), citing *LeRoy v. Allen, Yurasek & Merklin*, 2007-Ohio-3608, ¶ 14. In ruling on a motion under Civ.R. 12(B)(6), "a trial court ' "cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint." ' " *Id.* at ¶ 9, quoting *Brisk v. Draf Industries, Inc.*, 2012-Ohio-1311, ¶ 10 (10th Dist.), quoting *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.).

{¶ 8}  A reviewing court "employs 'a de novo standard of review for motions to dismiss filed pursuant to Civ.R. 12(B)(6).' " *Id.* at ¶ 10, quoting *Grey* at ¶ 3, citing *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228 (1990). In conducting "de novo analysis, we are required to 'accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party.' " *Id.*, quoting *Grey* at ¶ 3, citing *Byrd v. Faber*, 57 Ohio St.3d 56 (1991).

{¶ 9}  At the outset, we note that appellant's pro se brief discusses claims not alleged in her amended complaint, including purported federal statutory violations (e.g., whistleblower retaliation, civil rights claims, mail fraud, and wire fraud) as well as alleged constitutional violations. Appellant's brief also raises new arguments not presented to the

trial court. To the extent appellant seeks to raise new causes of action on appeal, "it is well established that an appellant may not assert a new theory for the first time before an appellate court." *Poluse v. Youngstown*, 135 Ohio App.3d 720, 729 (7th Dist. 1999), citing *Kalish v. Trans World Airlines, Inc.*, 50 Ohio St.2d 73 (1977). *See also Lanham v. Franklin Twp.*, 2003-Ohio-2222, ¶ 13 (12th Dist.) ("A cause of action or theory of recovery not raised in the trial court cannot be raised for the first time on appeal."). Similarly, " '[a] party cannot assert new arguments for the first time on appeal.' " *State ex rel. White v. Aveni*, 2024-Ohio-1614, ¶ 22, quoting *Fields v. Zanesville Police Dept.*, 2021-Ohio-3896, ¶ 31, citing *Kennedy v. Green*, 2019-Ohio-854, ¶ 35 (5th Dist.).

{¶ 10} According to the allegations in the amended complaint, this action arose out of a motor vehicle accident occurring between vehicles driven by appellant and Grange Insurance's insured, Hobensack. The complaint asserted causes of action against Grange Insurance and various individual claims adjusters for fraudulent misrepresentation, bad faith, intentional infliction of emotional distress, and vicarious liability. The complaint alleged that appellees "initially offered a settlement based on an appraisal and estimate related to this claim." (Am. Compl. at 3.) It was further alleged that, subsequent to "this agreement," appellees "intentionally blocked access to the payment portal, preventing [appellant] from receiving the agreed-upon amount." (Am. Compl. at 3.)

{¶ 11} In addressing the allegations of the complaint, the trial court found appellant was "attempting to proceed directly against the at-fault driver's insurance company which is expressly precluded by statute." (Dec. 18, 2024 Decision & Entry at 3.) Specifically, the trial court, relying on the provisions of R.C. 3929.06, found there are "no allegations that Plaintiffs have obtained a judgment against Defendant Hobensack or that more than 30 days have passed since the entry of a judgment." (Decision & Entry at 3.) The trial court further found appellant, as a third party, had no cause of action for bad faith against the tortfeasor's insurance company. Finally, the court determined the complaint did not contain allegations sufficient to state a claim for intentional infliction of emotional distress, nor could appellant prove any state of facts to warrant recovery based on fraud.

{¶ 12} We begin with a consideration of R.C. 3929.06, "which allows plaintiffs who are awarded damages at trial to file a posttrial, supplemental complaint against the judgment debtor's insurer to recover damages covered under the judgment debtor's

insurance policy." *Estate of Heintzelman v. Air Experts, Inc.*, 2010-Ohio-3264, ¶ 11. Pursuant to R.C. 3929.06(A)(1), a "plaintiff 'is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.' " *Id.*, quoting R.C. 3929.06(A)(1). Further, "if the judgment debtor's insurer has not paid the judgment creditor within 30 days of the entry of final judgment, 'the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount.' " *Id.*, quoting R.C. 3929.06(A)(2).

{¶ 13} R.C. 3929.06(B), however, provides as follows: "Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in division (A)(2) of this section." Accordingly, "R.C. 3929.06(B) precludes a person from bringing a civil action against the tortfeasor's insurer until the person has first obtained a judgment for damages against the insured and the insurer has not paid the judgment within 30 days." (Internal quotation marks deleted.) *Zidel v. Allstate Ins. Co.*, 2016-Ohio-1456, ¶ 7 (10th Dist.), citing *W. Broad Chiropractic v. Am. Family Ins.*, 2009-Ohio-3506, ¶ 28. Thus, " '[t]he injured party must obtain a judgment against the tortfeasor *before* he can sue the insurer.' " (Emphasis in original.) *Id.*, quoting *Achor v. Clinton Cty. Bd. of Mental Retardation & Dev. Disabilities*, 1986 Ohio App. LEXIS 7000, *4 (10th Dist. June 5, 1986). *See also Dubovsky v. State Farm Mut. Auto. Ins. Co.*, 2024-Ohio-4956, ¶ 6 (9th Dist.), quoting *Burr v. Nationwide Mut. Ins. Co.*, 2013-Ohio-4406, ¶ 21 (9th Dist.), quoting *Chitlik v. Allstate Ins. Co.*, 34 Ohio App.2d 193 (8th Dist. 1973), paragraph two of the syllabus ("Consequently, the 'direct action' rule set forth in Section 3929.06(B) provides that ' "[a]n injured person may sue a tortfeasor's liability insurer, but only after obtaining judgment against the insured." ' ").

{¶ 14} In the present case, as observed by the trial court, there are no allegations in the amended complaint that appellant "obtained a judgment against Defendant Hobensack [the alleged tortfeasor] or that more than 30 days have passed since the entry of a judgment." (Decision & Entry at 3.) We therefore agree with the trial court that appellant

is "attempting to proceed directly against the at-fault driver's insurance company which is expressly precluded by statute." (Decision & Entry at 3.)

{¶ 15} Further, "[a] claim of bad faith cannot be brought against an insurer by a third-party complaint." *Siemientkowski v. State Farm Ins. Co.*, 2005-Ohio-4295, ¶ 20 (8th Dist.), citing *Pasipanki v. Morton*, 61 Ohio App.3d 184, 185 (9th Dist. 1990), citing *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272, 275-76 (1983). Rather, "[t]he duty to act in good faith runs only from the insurer to its own insured," and while "an insurer owes a duty to its insured to negotiate in good faith with a party injured by the insured, there is no such independent duty to the injured party, nor is he [or she] a third party beneficiary to the insurance contract." *Id.*, citing *Pasipanki* at 185. Accordingly, we agree with the trial court's determination that appellant "can prove no set of facts warranting recovery under the theory of bad faith." (Decision & Entry at 3.)

{¶ 16} We further agree with the trial court that the allegations in the amended complaint do not assert conduct "that rises to the level of extreme and outrageous" so as to state a claim for intentional infliction of emotional distress. (Decision & Entry at 3.) *See, e.g., McLynas v. Karr*, 2004-Ohio-3597, ¶ 29 (10th Dist.) (third-party plaintiff's allegations that tortfeasor's liability insurance carrier's refusal to compensate her for alleged injuries "caused her serious emotional distress . . . do not rise to the level of a claim for intentional infliction of emotional distress").

{¶ 17} The trial court also observed that appellant's fraudulent misrepresentation claim "stems from [appellees'] alleged bad faith in investigating and negotiating" the insurance claim. (Decision & Entry at 3.) Further observing that appellant did not allege she abandoned her claim against Hobensack as a result of representations made by appellee, the court found appellant could prove "no set of facts" to warrant recovery on a claim for fraud. (Decision & Entry at 4.) We agree.

{¶ 18} The elements of a cause of action for fraudulent misrepresentation are "(a) a representation . . . (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation, and (f) a resulting injury proximately caused by the reliance." *Applegate v. Northwest Title Co.*, 2004-Ohio-1465,

¶ 13 (10th Dist.), citing *Brewer v. Brothers*, 82 Ohio App.3d 148, 153 (12th Dist. 1992); *Brothers v. Marrone-O'Keefe Dev. Co., LLC*, 2003-Ohio-7036 (10th Dist.). In order " '[t]o prevail upon a claim for fraudulent misrepresentation, the injured party must establish justifiable reliance upon representations made by the defendants.' " *Kimball v. Duy*, 2002-Ohio-7279, ¶ 23 (11th Dist.).

{¶ 19} As previously addressed, appellant did not allege she obtained a judgment against the alleged tortfeasor. As also discussed, "while an insurer has a duty to act in good faith in settling the claims of its insured, it owes no duty to third parties such as [appellant]." *Grimberg v. Blackbird Baking Co.*, 2023-Ohio-313, ¶ 27 (8th Dist.) (injured party, who had not first obtained judgment against tortfeasor, failed to state a claim for fraud against insurer). Nor did appellant allege, as noted by the trial court, that she abandoned her claim against the tortfeasor as a result of representations by appellees. *See Kamnikar v. Fiorita*, 2017-Ohio-5605, ¶ 32 (10th Dist.) (finding trial court did not err in dismissing claims for fraud and negligent misrepresentation by third-party claimants against insurer as "insurance company's duty to conduct a good-faith investigation of the claim filed against its insured is a duty the insurer owes to its insured" and, further noting, the appellants "do not allege that they abandoned their claim against [the tortfeasor] as a result of misrepresentations" by the tortfeasor's insurer).

{¶ 20} Finally, appellant's amended complaint alleged a claim for vicarious liability, a doctrine that, in general, "imputes liability secondarily to an employer for the torts of its employee, the actual tortfeasor." *McLaughlin v. Residential Communication, Inc.*, 2009-Ohio-6789, ¶ 32 (5th Dist.). Here, the trial court, having found the amended complaint "fails to state any direct causes of action against appellees," further found appellant could not maintain a vicarious liability claim as a matter of law. (Decision & Entry at 4.) We find no error with that determination.

{¶ 21} Based upon this court's de novo review, we agree with the trial court that appellant can prove no set of facts in support of her claims that would entitle her to relief. We therefore conclude the trial court properly dismissed the amended complaint for failure to state a claim. Accordingly, appellant's single assignment of error is without merit and is overruled.

## IV. Conclusion

{¶ 22} Based on the foregoing, and having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

EDELSTEIN, LELAND, & DINGUS, JJ., concur.

_____